UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICARDO JOSE CALDERON-LOPEZ, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 19-cv-1851 (KBJ) |
| ANDREW M. SAUL, *Commissioner of* ) *Social Security*,[1] ) ) | |
| Defendant. ) ) | |

**MEMORANDUM OPINION ADOPTING**
**REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Ricardo Calderon-Lopez is a former recipient of disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401–34. (*See* Compl., ECF No. 1, at 2–3.)[2] In 2013, the Social Security Administration ("SSA") determined that Calderon-Lopez was no longer eligible for disability insurance benefits (*see* Ex. 2 to Def.'s Mot. to Dismiss, ECF No. 20-1, at 9), and when Calderon-Lopez subsequently failed to appear at a hearing he requested, the assigned Administrative Law Judge ("ALJ") dismissed his hearing request (*see* Ex. 9 to Def.'s Mot. to Dismiss, ECF No. 20-1, at 54–55). Calderon-Lopez then proceeded to the SSA's Appeals Council, where he unsuccessfully appealed the ALJ's decision (*see* Ex. 11 to Def.'s Mot. to Dismiss, ECF No. 20-1, at 57), and in 2016, he filed a lawsuit in the District Court for the Northern District of California, seeking judicial review of the SSA's decision to

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul, who currently serves as the Commissioner of Social Security, will be substituted for the prior Acting Commissioner, Nancy A. Berryhill.

[2] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

terminate his benefits (*see* Ex. 12 to Def.'s Mot. to Dismiss, ECF No. 20-1, at 60–62). The Northern District of California dismissed Calderon-Lopez's case for lack of subject-matter jurisdiction (*id.* at 63–64), and the Court of Appeals for the Ninth Circuit upheld that decision in 2018 (Ex. 13 to Def.'s Mot. to Dismiss, ECF No. 20-1, at 65–66).

Calderon-Lopez then filed the instant action against the Commissioner of Social Security, requesting reinstatement of his disability insurance benefits. (*See* Compl. at 7–8.) In his complaint, Calderon-Lopez alleges that the SSA unlawfully terminated his benefits (*id.* at 3–4), and that the ALJ and various court officials have "affect[ed] the framework of [his] case" by committing fraud, failing to follow applicable regulations, and conspiring to violate his constitutional rights (*id.* at 4, 6–8; *see also* Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 21, at 9–11).

This Court referred this matter for random assignment to a Magistrate Judge, for full case management, on August 19, 2019. (*See* Min. Order of Aug. 19, 2019.) After the case was assigned to Magistrate Judge G. Michael Harvey (*see* Min. Entry of Aug. 19, 2019), the Commissioner filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Calderon-Lopez's complaint is barred by res judicata; that the complaint is untimely; and that the complaint's factual allegations do not state a plausible claim for relief (*see* Def.'s Mot. to Dismiss, ECF No. 20, at 1, 5–8).

Before this Court at present is the Report and Recommendation that Magistrate Judge Harvey filed regarding the Commissioner's motion to dismiss. (*See* R. & R., ECF No. 23.)[3] The Report and Recommendation reflects Magistrate Judge Harvey's

---

[3] The Report and Recommendation, which is 14 pages long, is attached hereto as Appendix A.

opinion that the Commissioner's motion should be granted, for three main reasons. First, Magistrate Judge Harvey concludes that Calderon-Lopez's request for review of the SSA's decision is barred by the doctrine of issue preclusion, because the District Court for the Northern District of California actually and necessarily determined that Calderon-Lopez had failed to exhaust his administrative remedies below, and that the court lacked subject-matter jurisdiction to review the agency's decision as a consequence.  (*Id.* at 8.)  Magistrate Judge Harvey further finds that allowing preclusion in this case would not "'work a basic unfairness' on [Calderon-Lopez]" (*id.* at 9 (quoting *Martin v. Dep't of Just.*, 488 F.3d 446, 454 (D.C. Cir. 2007))), because Calderon-Lopez had "the incentive and opportunity" to contest the issue of subject-matter jurisdiction in the proceedings before the Northern District of California (*id.* at 10; *see also id.* at 9 (explaining that, "even if the second court has doubts as to the correctness of the first court's decision," that is not a sufficient reason to conclude that applying the doctrine of issue preclusion would be unfair)).

Second, Magistrate Judge Harvey finds that Calderon-Lopez's challenge to the ALJ's decision is time-barred under the Social Security Act's 60-day statute of limitations.  (*See id.* at 11 (citing 20 C.F.R. § 422.210(c)).)  Specifically, based on his review of the administrative record in this case, Magistrate Judge Harvey observes that Calderon-Lopez's complaint was filed at least 172 days after the Appeals Council denied Calderon-Lopez's request for review of the ALJ's decision, meaning that his complaint was at least 112 days late.  (*See id.* at 12 (noting that the complaint is untimely even if the limitations period is tolled during the time in which Calderon-Lopez's action in the Northern District of California was pending).)

Finally, to the extent that Calderon-Lopez asserts claims against "various governmental officials" for their allegedly unconstitutional conduct (*id.*), Magistrate Judge Harvey concludes that those claims must be dismissed, because such officials "are not defendants in this case[,]" and Calderon-Lopez's claims against them are too vague and conclusory to state a claim upon which relief can be granted (*see id.* at 13).

In addition to articulating these findings and conclusions, Magistrate Judge Harvey's Report and Recommendation also advises the parties that they may file written objections to the Report and Recommendation, which must "identify the portion of the report and/or recommendation to which objection is made and the basis for such objections." (*Id.*)  The Report and Recommendation further advises the parties that failure to file timely objections may result in waiver of "their right of appeal from an order of the District Court that adopts such findings and recommendation." (*Id.* at 13–14.)  Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation.  LCvR 72.3(b).  The due date for objections has passed, and none have been filed.

This Court has reviewed Magistrate Judge Harvey's report and agrees with its careful and thorough analysis and conclusions.  Thus, the Court will **ADOPT** the Report and Recommendation in its entirety.  Accordingly, as set forth in the separate Order that accompanies this Memorandum Opinion, Defendant's Motion to Dismiss (ECF No. 20) will be **GRANTED**.

DATE:  May 25, 2021

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICARDO JOSE CALDERÓN LÓPEZ,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 19-cv-1851 (KBJ/GMH) |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

Plaintiff Ricardo Jose Calderón López, who proceeds *pro se*, filed this action against the Commissioner of Social Security ("Defendant" or the "Commissioner") asking this Court to reinstate his disability insurance benefits under Title II of the Social Security Act. Defendant seeks dismissal of the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds of res judicata, untimeliness, and failure to plead facts sufficient to state a claim.[1] For the reasons that follow, Defendant's motion should be granted.

---

[1] The relevant docket entries for the purposes of this Report and Recommendation are (1) Plaintiff's Complaint (ECF No. 1); (2) Defendant's motion to dismiss (ECF No. 20); and (3) Plaintiff's opposition to the motion to dismiss (ECF No. 21).

**Appendix A**

## I.   BACKGROUND[2]

According to the Complaint, Plaintiff was awarded benefits under the Social Security Act in 2002.[3]  ECF No. 1 at 2.  In November 2013, Plaintiff received a letter from the Social Security Administration ("SSA") stating that he was no longer eligible for disability insurance benefits as of the beginning of that month.  *Id.* at 3, 10.  Plaintiff asked the SSA to reconsider that determination by filing, as directed, the "Request for Reconsideration" form attached to the letter.  ECF No. 21 at 7; ECF No. 21-1 at 14, 17–22.  The request was denied in March 2014.  ECF No. 21-2 at 10.  Plaintiff sought review by an Administrative Law Judge ("ALJ") and a hearing was scheduled for August 26, 2015.  ECF No. 20-1 at 22, 29–34, 42–47.  The ALJ dismissed the claim on that date because Plaintiff failed to appear at the scheduled hearing.  ECF No. 1 at 3; ECF No. 20-1 at 54–55; ECF No. 21-1 at 6–7.  Plaintiff requested review of the dismissal from the Appeals Council in September 2015.  ECF No. 20-1 at 56; *see also* ECF No. 1 at 4 n.6, 12.  The Appeals Counsel ultimately denied Plaintiff's request for review on February 2, 2016.  ECF No. 20-1 at 57–58.

In May 2016, Plaintiff filed an action in the United State District Court for the Northern District of California challenging the denial of his request for review.  ECF No. 1 at 3–4; *see also*

---

[2] The following facts are taken from the *pro se* Plaintiff's Complaint and from factual allegations and other documents submitted in response to Defendant's motion to dismiss, *see, e.g.*, *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("[A] district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss."); *see also, e.g.*, *Buchanan v. Sony Music Entm't*, No. 18-cv-3028, 2020 WL 2735592, at *1 n.2 (D.D.C. May 26, 2020) (Ketanji Brown Jackson, J.) (noting that "[a]ll factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether a motion to dismiss should be granted" (quoting *Muhammad v. FDIC*, 751 F. Supp. 2d 114, 119 (D.D.C. 2010))), *appeal docketed*, No. 20-7060 (D.C. Cir. June 30, 2020); *Samuel v. Wells Fargo & Co.*, 311 F. Supp. 3d 10, 14 (D.D.C. 2018), as well as from matters of which a federal court may take judicial notice, such as the records of other federal courts, *see, e.g.*, *Akers v. Watts*, 589 F. Supp. 2d 12, 15 (D.D.C. 2008) (noting that a court may "take judicial notice of the records of this Court and of other federal courts"), and documents filed in a formal administrative proceeding, *see, e.g.*, *Laughlin v. Holder*, 923 F. Supp. 2d 204, 209 (D.D.C. 2013) (taking judicial notice of the plaintiff's administrative complaint and an order issued in the administrative proceedings because they were public records).

[3] Records from the Social Security Administration show that Plaintiff was determined to be entitled to benefits as of August 2003 (ECF No. 20-1 at 5), but that discrepancy is immaterial here.

*Calderon Lopez v. Comm'r of Soc. Sec.*, No. 16-cv-2732, 2016 WL 7406641 (N.D. Cal. Dec. 22, 2016). In its December 2016 decision, that court noted that, in order to secure a final, appealable decision from the Commissioner, a plaintiff must "complet[e] the four steps of the administrative process: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the Appeals Council." *Calderon Lopez*, 2016 WL 7406641, at *2. It further found that Plaintiff waived his right to a hearing before an ALJ when he failed to attend the hearing scheduled in his case and therefore did not exhaust his administrative remedies. *Id.* at *3. Consequently, the court found that it lacked subject-matter jurisdiction over the case. *Id.* ("In sum, without a final agency decision, the court has no jurisdiction."). In an unpublished memorandum decision, the Ninth Circuit affirmed the district court; the Supreme Court thereafter denied Plaintiff's petition for a writ of certiorari. *Calderon-Lopez v. Berryhill*, 747 F. App'x 569, 570 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1563 (2019).

On June 24, 2019, Plaintiff filed his Complaint in this District. It is labeled a "Complaint to Re-open SSA file" and seeks an order "to expedite reinstatement" of Plaintiff's disability insurance benefits, alleging that the decision denying his request for reconsideration was "unsupported by substantial evidence" and that the case has been infected by negligence, a conspiracy to deprive him of his constitutional rights, and fraud. ECF No. 1 at 1, 7–8; ECF No. 21 at 5–9. The Commissioner has moved to dismiss the Complaint on grounds of res judicata based on the Northern District of California's decision, untimeliness, and failure to plead facts that plausibly entitle Plaintiff to relief.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint on the basis that it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A

**Appendix A**

court reviewing a 12(b)(6) motion must accept as true the well-pleaded factual allegations contained in the complaint, *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), and construe those allegations "in the light most favorable to the plaintiff[]," *Vick v. Brennan*, 172 F. Supp. 3d 285, 295 (D.D.C. 2016). While the plaintiff need not make "detailed factual allegations" to avoid dismissal, he or she must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To meet this standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleg *Id.* Moreover, although complaints filed by non-attorneys "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they still "must present a claim on which the [c]ourt can grant relief," *Belton v. Shinseki*, 637 F. Supp. 2d 20, 23 (D.D.C. 2009) (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002)).

A court evaluating a motion under Rule 12(b)(6) may consider, in addition to the allegations in the complaint, "any documents either attached to or incorporated in the complaint[] and matters of which [the court] may take judicial notice," *Vasaturo v. Peterka*, 177 F. Supp. 3d 509, 511 (D.D.C. 2016) (second alteration in original) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)), including the court's own records and records from other judicial proceedings, *see Alford v. Providence Hosp.*, 60 F. Supp. 3d 118, 123 (D.D.C. 2014). Moreover, as noted above, *supra* n.2, a court evaluating a complaint filed by a *pro se* plaintiff

4

should consider factual allegations submitted to the court in other filings, as well. *See, e.g.*, *Buchanan*, 2020 WL 2735592, at *1 n.2.

### III.   DISCUSSION

#### A.   Preclusion

The Commissioner argues that Plaintiff's Complaint in this Court must be dismissed on the basis of res judicata. ECF No. 20 at 5. That term can be confusing, as it is used both as a general term incorporating the doctrines of "claim preclusion" and "issue preclusion" (or "collateral estoppel") and as a specific term meaning only "claim preclusion." *See, e.g.*, *Koch v. Shapiro*, 699 F. Supp. 2d 3, 8 n.3 (D.D.C. 2010) ("'The doctrine of res judicata usually is parsed into claim preclusion and issue preclusion.' A generic reference to 'res judicata' typically implies 'claim preclusion.'" (quoting *NextWave Pers. Commc'ns Inc. v. FCC*, 254 F.3d 130, 143 (D.C. Cir. 2001), *aff'd*, 537 U.S. 293 (2003), and citing 18 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 4402 (2d ed. 2002))). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 533 U.S. at 892 (quoting *New Hampshire*, 532 U.S. at 748–49).

Here, the Commissioner's submissions rely on claim preclusion, rather than issue preclusion, to bar this case, noting that

> [a] *claim* is barred by res judicata if there has been prior litigation ["](1) involving the same claims or cause of action, (2) between the same parties or their privies, (3) there has been a final, valid judgment on the merits, and (4) the judgment was issued by a court of competent jurisdiction.

5

**Appendix A**

ECF No. 20 at 5 (emphasis added) (quoting *Natural Resources Defense Council v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008)); *see also Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (same). But he soon undermines that argument when he recognizes, in a footnote, that the Northern District of California "dismissed Plaintiff's claim for lack of jurisdiction." *Id.* at 6 n.1. Unfortunately for the Commissioner, "[i]t is ordinarily the case that a judgment dismissing an action for lack of jurisdiction will have no preclusive effect on the cause of action originally raised." *GAF Corp. v. United States*, 818 F.2d 901, 912 (D.C. Cir. 1987). That is because claim preclusion requires a judgment on the merits and, pursuant to Rule 41(b), a dismissal for lack of jurisdiction does not "operate[] as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also NextWave*, 254 F.3d at 143 ("'[D]ismissals for lack of jurisdiction,' however, 'are not decisions on the merits and therefore have no [claim preclusive] effect on subsequent attempts to bring suit in a court of competent jurisdiction.'" (alterations in original) (quoting *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999))). The Court could, then, deny the Commissioner's motion to dismiss on grounds of claim preclusion, because the doctrine is inapplicable.

However, a dismissal for lack of subject-matter jurisdiction can have *issue-preclusive* effects: "[A] judgment ordering dismissal[ ] . . . will, for example, preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal." *GAF*, 818 F.2d at 912–13; *see also Coors Brewing Co. v. Mendez-Torres*, 562 F.3d 3, 9, 12 (1st Cir. 2009) (stating that the preclusive effect of a dismissal for lack of jurisdiction is analyzed under the rubric of issue preclusion rather than claim preclusion)*, abrogated on other grounds in Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010); *NextWave*, 254 F.3d at 147 (analyzing the preclusive effect of dismissal for lack of juris-

6

**Appendix A**

diction using the doctrine of issue preclusion); *Kasap*, 166 F.3d at 1248 ("[W]hile a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack." (quoting *Shaw v. Merritt–Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977))); *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 2, 10 (D.D.C. 2004) ("Where the jurisdictional issue was 'actually litigated,' *i.e.*, contested by the parties and submitted for determination by the court, and then 'actually and necessarily determined by a court of competent jurisdiction,' issue preclusion may raise a bar to a plaintiff's claims."). And, notwithstanding that the two preclusion doctrines are affirmative defenses that may be deemed forfeit if they are not timely raised, *see, e.g.*, *Nat'l Treasury Emps. Union v. IRS*, 765 F.2d 1174, 1176 n.1 (D.C. Cir. 1985); *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011); *Hartman v. Wick*, 678 F. Supp. 312, 322 (D.D.C. 1988), federal courts at all levels have recognized that "[t]he doctrines are so integral to the administration of the courts that 'a court may invoke [them] *sua sponte*,'" *Fenwick v. United States*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (second alteration in original) (quoting *McGee v. District of Columbia*, 646 F. Supp. 2d 115, 122 (D.D.C. 2009)); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) (stating that when a court is on notice that an issue has been decided previously it may raise preclusion "*sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but also based on the avoidance of unnecessary judicial waste" (quoting *United States v Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, C.J., dissenting))); *Consol. Edison Co. of N.Y. v. Bodman*, 445 F.3d 438, 451 (D.C. Cir. 2006) ("[B]ecause interests of judicial economy are at stake in preclusion doctrines, courts retain the power to consider such doctrines sua sponte."); *cf. Maalouf v. Islamic Rep. of Iran*, 923 F.3d 1095,

7

**Appendix A**

1111 (D.C. Cir. 2019) (contrasting preclusion doctrines, which may be raised by a court on its own motion, with a statute of limitations defense, which should not be). The undersigned will therefore consider whether the requirements of issue preclusion have been met here.

Issue preclusion requires that (1) the issue being raised in the subsequent action "must have been contested by the parties and submitted for judicial determination in the prior case," (2) the issue "must have been actually and necessarily determined by a court of competent jurisdiction in that prior case," and (3) preclusion in the subsequent case "must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)). All three requirements are met here.

First, the issue being raised in this case—whether the federal courts lack subject-matter jurisdiction over Plaintiff's claim because he failed to exhaust his administrative remedies—was "submitted for judicial determination," *Martin*, 488 F.3d at 454, in the Northern District of California court. That is clear for two reasons: (1) in his Complaint in this case, Plaintiff asserts that he brought the issue of exhaustion to the attention of that court (ECF No. 1 at 3–4) and (2) that court's opinion explicitly states that the Commissioner "move[d] to dismiss the complaint . . . on the ground that the court lack[ed] subject-matter jurisdiction because there is no final agency decision because [the plaintiff] did not exhaust his administrative remedies," *Calderon Lopez*, 2016 WL 7406641, at *1. The second requirement is also met. As noted, the Northern District of California actually decided the issue of subject-matter jurisdiction over Plaintiff's claim, finding that the federal courts lacked such jurisdiction. *Id.* at *3. That issue was "necessarily determined," *Martin*, 488 F.3d at 454, by the prior court because "[s]ubject-matter jurisdiction defines the court's power to entertain a case at all"; that is, it "pertains to the scope or extent of a court's power

8

to act," *Cause of Action Inst. v. IRS*, 390 F. Supp. 3d 84, 91 (D.D.C. 2019) (Ketanji Brown Jackson, J.).  And the California federal court was a court of "competent jurisdiction," *Martin*, 488 F.3d at 454, because "a federal court always has jurisdiction to determine its own jurisdiction," *United States v. Ruiz*, 536 U.S. 622, 627 (2002); *see also, e.g.*, *Willner v. Dimon*, 761 F. App'x 1, 3–4 (D.C. Cir.) ("[A]ny Article III court 'has jurisdiction to determine its own jurisdiction.'" (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 292 n.57 (1947))), *cert. denied*, 140 S. Ct. 223 (2019).

Finally, allowing preclusion in this case will not "work a basic unfairness" on Plaintiff. *Martin*, 488 F.3d at 454.  Examples of such unfairness include situations in which "the losing party clearly lacked any incentive to litigate the point in the first [proceeding], but the stakes of the second [proceeding] are of a vastly greater magnitude," or the "prior proceedings were seriously defective," *Yamaha*, 961 F.2d at 254 (quoting *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333 (1971)), because, for instance, the losing party "did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time,'" *Blonder-Tongue*, 402 U.S. at 333 (quoting *Eisel v. Columbia Packing Co.*, 181 F. Supp. 298, 301 (D. Mass. 1960)).  Importantly, an argument that the prior decision was incorrect is not sufficient to show "basic unfairness."  Rather, "[a] court conducting an issue preclusion analysis does not review the merits of the determinations in the earlier litigation." *Canonsburg Gen. Hosp. v. Sebelius*, 989 F. Supp. 2d 8, 16–17 (D.D.C. 2013) (quoting *Consol. Edison Co. of N.Y. v. Bodman*, 449 F.3d 1254, 1257 (D.C. Cir. 2006)), *aff'd sub nom. Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295 (D.C. Cir. 2015).  That is, even if the second court has doubts as to the correctness of the first court's decision, that decision must be given preclusive effect if the requirements for issue preclu-

sion are met.[4]  *See, e.g.*, *Nat'l Post Office Mail Handlers, Watchmen, Messengers, and Grp. Leaders Div. of Laborers' Int'l Union of N. Am. v. Am. Postal Workers Union*, 907 F.2d 190, 194 (D.C. Cir. 1990) ("The doctrine of issue preclusion counsels us against reaching the merits in this case [ ] regardless of whether we would reject or accept our sister circuit's position."); *Yamaha Corp. of Am. v. United States*, 745 F. Supp. 734, 738 (D.D.C. 1990) ("[C]ollateral estoppel prevents a court from ever reaching the merits."), *aff'd*, 961 F.2d 245 (D.C. Cir. 1992).  There is no question that Plaintiff had the incentive and opportunity to litigate the issue of subject-matter jurisdiction before the California federal court and indeed that he did so.[5]

---

[4] It is worth noting that the undersigned does have such doubts about the correctness of the decisions in Plaintiff's prior action that his failure to engage in all four steps of the administrative exhaustion procedure deprived the federal courts of jurisdiction over his case.  The Supreme Court has held that the administrative exhaustion requirement under the Social Security Act "contain[s] both jurisdictional and non-jurisdictional elements." *Ware-El v. Soc. Sec. Admin.*, No. 19-cv-1684 (TNM/GMH), 2019 WL 5811299, at *2 (D.D.C. Nov. 7, 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).  The jurisdictional element "is the requirement that a claim for benefits shall have been presented" to the agency, while the non-jurisdictional element requires the plaintiff to exhaust all four steps of the SSA's administrative review process.  *Mathews*, 424 U.S. at 328.  That is, "a plaintiff can satisfy the *jurisdictional* element" such that a federal court will have the power to hear his case "even if he . . . does not attempt each of the four steps of administrative process required under the Social Security regulations." *Ware-El*, 2019 WL 5811299, at *2.  Plaintiff may well have satisfied the "presentment" requirement when he sought and was denied reconsideration of the SSA's determination in November 2013 that he was no linger entitled to disability insurance benefits.  *Cf., e.g.*, *Calderon v. Berryhill*, No. 17-cv-494 (RDM), 2019 WL 4575605, at *3 (D.D.C. Sept. 20, 2019) (noting that some courts have required that the SSA have issued "an intial decision" in order to meet the presentment requirement, while others have not made that an explicit condition).  There is also a possibility that the Appeals Council's decision denying review could be considered a final decision of the Commissioner, thus exhausting administrative remedies.  *See Smith v. Berryhill*, __ U.S. __, __ n.17, 139 S. Ct. 1765, 1777 n.17 (2019) (reserving the question of whether a claimant whose claim was dismissed prior to receiving a hearing before an ALJ (on, for example, procedural grounds), but who then appeals that determination to the Appeals Council before seeking judicial review should be deemed to have exhausted his administrative remedies).  However, as noted, none of that is relevant here.

[5] Some courts have indicated that the preclusion doctrines might not apply where the prior judgment is tainted by fraud.  *See, e.g.*, *In re Pub. Serv. Co. of N.H.*, 43 F.3d 763, 768–69 (1st Cir. 1995) (suggesting that a judgment procured by fraud might not be entitled to collateral estoppel effect and citing Restatement (Second) of Judgments §§ 28(5)(c), 70); *FTC v. AMREP Corp.*, 705 F. Supp. 119, 124 (S.D.N.Y. 1988) ("The preclusive effect of a prior settlement or adjudication may be avoided on a showing that it was procured by fraud or duress."); *but see Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000) ("[The plaintiff] cites no authority for the proposition that fraud on the court is an authority to allow a *collateral* attack on a judgment—i.e., defeating the defense of res judicata—particularly considering that Fed. R. Civ. P. 60(b) provides for consideration of fraud on the court as grounds for *direct* attack—i.e., obtaining relief from the court that issued the original judgment."); *W&D Imports, Inc. v. Lia*, No. 11-CV-4144, 2013 WL 1750892, at *12 (E.D.N.Y. Apr. 22, 2013) (stating that alleged perjury in prior proceedings "does not preclude the application of collateral estoppel" because "[t]he proper procedure for seeking relief form an order procured by fraud is to petition the rendering court to vacate the judgment"); *Alexander v. Am. Arbitration Ass'n*, No. C 01-1461 PJH, 2001 WL 868823, at *4 (N.D. Cal. July 27, 2001) ("The doctrine of finality of judgments precludes a collateral attack on a final, prior judgment, even where it has been procured by fraud.").  Plaintiff raises the specter of fraud in

For these reasons, the undersigned recommends that Plaintiff's Complaint seeking reinstatement of his disability insurance benefits be dismissed on the basis of issue preclusion.

**B.     Timeliness**

Plaintiff's Complaint should also be dismissed because it is time-barred. Regulations promulgated under the Social Security Act provide that a federal action challenging a decision of the ALJ must be filed "within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision . . . is received by the [claimant]." 20 C.F.R. § 422.210(c). Further, "the date of receipt of the notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). The Appeals Council's decision in this case is dated February 2, 2016. ECF No. 20-1 at 57. Therefore, Plaintiff is presumed to have received that decision five days later, on February 7, 2016; but that was a Sunday, so say February 8, 2016, instead. Plaintiff has failed to make a "reasonable showing" that the five-day (or, really, six-day) presumption is inapplicable here. From the documents Plaintiff submitted along with his Complaint, it is clear that (1) Plaintiff received a letter in connection with his request for review to the Appeals Council that was sent in December 2015 to a post office box in Pacific Palisades, California, a city within the Central District of California (ECF No.1 at 12); (2) the Appeals Council's decision denying review of his claim was sent on February 2, 2016, to Plaintiff at that same post office box in Pacific Palisades, California (ECF No. 20-1 at 57); and (3) Plaintiff moved from the Central District of California to the Northern

---

his Complaint. *see* ECF No. 21 at 2, 9. However, assuming that a judgment procured by fraud should not be given preclusive effect, Plaintiff's allegations are insufficient to defeat the application of issue preclusion here. First, Plaintiff's charges of fraud appear to target not the California federal court's decision on the issue of subject-matter jurisdiction, but rather, the SSA's original decision to terminate his disability insurance benefits. *Id.* at 2, 9 & n.10 (asserting "fraud in the termination of benefits" (capitalization omitted) and arguing that regulations under the Social Security Act allow a determination of the SSA to be reopened if "it was obtained by fraud" (quoting 20 C.F.R. § 404.988(c)(1)). Second, the allegations are merely conclusory and do not meet the plausibility standard of *Iqbal* and *Twombly*, let alone the higher standard for alleging fraud imposed by Rule 9(b) of the Federal Rules of Civil Procedure, which requires that "a party must state with particularity the circumstances constituting fraud, Fed. R. Civ. P. 9(b).

11

District of California in May 2016 (ECF No. 1 at 3–4). That is to say, he was living in the Central District of California during the relevant time period and had received mail at the address to which the Appeals Council's decision was sent. That information supports the presumption that Plaintiff should be deemed to have had notice of the Appeals Council's decision denying review in early February.

Plaintiff filed this action on June 24, 2019, which is 1,232 days after he had notice of the Appeals Council's decision. ECF No. 1 at 1. Assuming without deciding that the statute of limitations should be tolled for the period during which his prior action was pending—that is, from May 20, 2016 (the date he filed his complaint in the California federal court, *see* Complaint, *Calderon Lopez v. Comm'r of Soc. Sec.*, No. 16-cv-2732 (N.D. Cal. May 20, 2016), ECF No. 1) until April 15, 2019 (the date that the Supreme Court denied Plaintiff's petition for writ of certiorari, *see Calderon-Lopez*, 139 S. Ct. 1563 (2019)), which is a period of 1,060 days—Plaintiff filed this action 172 days after he had notice of the agency's decision. That is 112 days late. The action is therefore time-barred, at least to the extent that it challenges the discontinuance of his disability insurance benefits.[6]

### C.     Failure to Allege Facts Sufficient to State a Claim

Finally, Plaintiff's submissions repeatedly assert that he was a victim of unconstitutional actions by various governmental officials, including the ALJ and court personnel. ECF No. 1 at 3–6; ECF No. 21 at 5, 7. To the extent that Plaintiff attempts to state claims based on the conduct

---

[6] Plaintiff does not address Defendant's statute of limitations argument except to assert that this action was timely filed based on regulations allowing the SSA to reopen proceedings "at any time" if the agency's decision "was obtained by [f]raud or similar [f]ault." ECF No. 21 at 9 & n.10, 11 (citing 20 C.F.R. § 404.988). But that regulation addresses the *agency's* power to decide an application that might otherwise be time-barred; it does not address whether a *federal court* may entertain a late-filed action to review an agency decision. In any case, as stated previously, Plaintiff's allegations of fraud are insufficient on their face. *See supra* n.5.

12

of court personnel or any official outside of the SSA, they cannot go forward because those individuals are not defendants in this case (either in their individual or official capacities) and have not been served with a summons and a copy of the Complaint. In any case, Plaintiff's claims for constitutional violations are entirely conclusory, merely stating that there was "un-Constitutional conduct" that denied him "protected Due Process Rights" without explaining how the alleged actions violated the Constitution. ECF No. 1 at 4, 5, 7, 8; ECF No. 21 at 3, 4, 5, 7, 8, 9–10. As stated above, while Plaintiff need not make "detailed factual allegations" to avoid dismissal, he must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (stating that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)). Plaintiff has failed to do so here.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (ECF No. 20) be **GRANTED**.

*   *   *   *   *

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order

**Appendix A**

of the District Court that adopts such findings and recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

Date:  July 14, 2020

Digitally signed by G. Michael Harvey
Date: 2020.07.14 12:32:12 -04'00'

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

14